[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10691
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:10-cv-00316-RS-GRJ

JEFFREY A. COLE,

Plaintiff-Appellant,

versus

SECRETARY DEPARTMENT OF CORRECTIONS,
GULF CI ANNEX WARDEN,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 14, 2011)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Jeffrey A. Cole, incarcerated and proceeding *pro se*, appeals the district court's dismissal of his amended complaint for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). Specifically, Cole argues that fear of retaliation from the prison staff rendered any administrative remedies unavailable.

Section § 1997e, as amended by the Prison Litigation Reform Act ("PLRA"), provides that the court shall not address a prisoner's complaint regarding prison conditions unless "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Such exhaustion is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19, 166 L.Ed.2d 798 (2007). An administrative remedy is not available for purposes of the PLRA, though, if prison officials render pursuit of the remedy irrational through serious threats of substantial retaliation. *Turner v. Burnside*, 541 F.3d 1077, 1084-85 (11th Cir. 2008). To demonstrate such unavailability under *Turner*, a prisoner must establish that: (1) the threat actually deterred him from lodging a grievance or pursuing a particular part of the administrative process; and (2) the threat is one that would so deter a reasonable inmate of ordinary firmness and fortitude. *Id.* at 1085.

The exhaustion requirement is an affirmative defense, and a prisoner is not

required to plead or demonstrate exhaustion in his complaint. *Jones,* 549 U.S. at 216. However, a complaint may be dismissed under § 1915A(b) if lack of exhaustion appears on the face of the complaint. *Id.* at 214-15 (noting that the Federal Rules of Civil Procedure generally apply to section 1997(e) and Rule 12(b)(6) allows for dismissal when an affirmative defense appears on the face of the complaint).

The district court did not err in dismissing Cole's complaint for failure to exhaust administrative remedies as required by § 1997e(a). Cole conceded in his amended complaint that he had not pursued any administrative remedies. He did not allege that a serious threat of substantial retaliation was made or, moreover, that any threat was made in the present context. Rather, he simply stated that a prison officer had filed an allegedly false disciplinary report against him the previous year in retaliation for his lodging a grievance regarding exposure to cold. Even if this is somehow taken as a continuing threat, such a threat would not deter a reasonable inmate from pursuing his grievance.

AFFIRMED.